**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**
**DRAFT—NOVEMBER 17, 2013**

**No. 13-5946**

# UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

SARAH JONES,

*Plaintiff-Appellee,*

*v.*

DIRTY WORLD ENTERTAINMENT RECORDINGS, LLC, *ET AL.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Eastern District of Kentucky No. 2:09-CV-219-WOB
Before the Honorable William O. Bertelsman

**MOTION FOR LEAVE TO FILE BRIEF FOR *AMICI CURIAE* AOL INC.,
EBAY INC., FACEBOOK, INC., GOOGLE INC., LINKEDIN CORP.,
MICROSOFT CORP., TUMBLR, INC., TWITTER, INC.,
AND ZYNGA INC.**

PATRICK J. CAROME
SAMIR C. JAIN
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6000

November 19, 2013

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**
**DRAFT—NOVEMBER 17, 2013**

Pursuant to Federal Rule of Appellate Procedure 29, Amici Curiae AOL Inc., eBay Inc., Facebook, Inc., Google Inc., LinkedIn Corp., Microsoft Corp., Tumblr, Inc., Twitter, Inc., and Zynga Inc. ("Amici") respectfully move this Court for leave to file the accompanying Amicus Brief.  Defendants-Appellants have consented to the filing of this brief, but Plaintiff-Appellee has not.

In support of their motion, Amici state as follows:

Each of the Amici provides interactive computer services.  As such, they have a manifest interest in how courts interpret 47 U.S.C. § 230 ("Section 230"), which generally establishes that interactive computer service providers may not be held liable for unlawful online content generated by third parties that is disseminated through their services.  Because Amici's services provide platforms for the online communications and transactions of hundreds of millions of users, Amici have been and/or inevitably will be parties to controversies in which they must raise Section 230 immunity.  The scope and shape of Amici's service offerings depend in part on their ability to avoid the burdens of litigation and potential liability in cases in which it is alleged that one or more of their users has misused their services to create and disseminate tortious or otherwise unlawful content.

Amici's brief addresses several issues that are directly relevant to the disposition of the case, and Amici believe that it will be helpful to the Court.

1

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
DRAFT—NOVEMBER 17, 2013

Specifically, the brief explains how aspects of the district court decision in this case significantly depart from the settled interpretation of Section 230 and would weaken substantially the protections afforded by Section 230 for a broad swath of interactive services available on the Internet, including search engines, virtual marketplaces, social and professional networking applications, blogging services, and innumerable others.  The brief shows that the district court's decision is contrary to the broad consensus of other courts that have interpreted Section 230— including eight other United States Courts of Appeal.  And it demonstrates that the standard adopted by the district court would contravene Congress's policies as declared expressly in the statute and undermine its intention to promote the development and growth of the Internet as a medium for free expression and commerce.

## CONCLUSION

For the foregoing reasons, Amici respectfully request that the Court grant

their motion for leave to file the accompanying Amicus Brief.


Respectfully submitted,


/s/  Patrick J. Carome
PATRICK J. CAROME
SAMIR C. JAIN
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6000

*Attorneys for Amici AOL Inc., eBay Inc., Facebook, Inc., Google Inc., LinkedIn Corp., Microsoft Corp., Tumblr, Inc., Twitter, Inc., and Zynga Inc*

3

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
DRAFT—NOVEMBER 17, 2013

## CERTIFICATE OF SERVICE

I certify that on November 19, 2013, I electronically filed the foregoing Motion for Leave to File Brief for Amici Curiae AOL Inc., eBay Inc., Facebook, Inc., Google Inc., LinkedIn Corp., Microsoft Corp., Tumblr, Inc., Twitter, Inc., and Zynga Inc. with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the Court's CM/ECF System.  Counsel for all parties are registered CM/ECF users and will be served with the foregoing document by the Court's CM/ECF system.


/s/  Samir C. Jain
SAMIR C. JAIN